UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Gilbert Buttke and
Grace Buttke,

Plaintiffs,

vs. MINUTE ORDER

Jeffrey P. Zervas, M.D.,
City of Ortonville d/b/a
Ortonville Area Health
Services, and Midwest
Surgical Services, Inc.,

Defendants. Civ. No. 00-2639 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 14th day of May, 2001.

* * *

On May 10, 2001, the Court heard argument on the Plaintiffs' informal Motion to Amend the Pretrial Order. At the time of the Hearing, the Plaintiff Gilbert and Grace Buttke appeared by William D. Kunstle and George E. Antrim, Esqs., the Defendant Jeffrey P. Zervas ("Dr. Zervas") appeared by William A. Moeller, Esq., the Defendant City of Ortonville ("Ortonville") appeared by Bruce P. Candlin, Esq., and the Defendant Midwest Surgical Services, Inc. ("Midwest") appeared by Paul D. Reuvers, Esq. For reasons discussed during the course of the Hearing, and briefly reiterated below, we grant the Plaintiff's Motion.

FILED MAY 14 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

This action arises the Plaintiff Gilbert Buttke claims to have suffered while he was under the care of Dr. Zervas. According to the Plaintiffs, on August 13, 1999, Gilbert Buttke underwent surgery, which was performed by Dr. Zervas, in order to removed a cataract from his right eye. The surgery was performed at Ortonville Area Health Services, and Midwest provided the surgical equipment and a surgical technician. During the course of the surgery, a cannula which Zervas was using pierced Mr. Buttke's right eye and, as a result, he was rendered blind in that eye. The Plaintiffs assert claims in negligence, res ipsa loquitur, and for loss of consortium. See, Complaint, at ¶¶12-27.

The Pretrial Conference in this case was held on March 21, 2001. On March 28, 2001, we signed a Joint Pretrial Order that was jointly submitted by the parties. In accordance with that Order, the Plaintiffs' expert witness disclosures will be due on July 31, 2001, and the Defendants' expert witness disclosures will be due on August 31, 2001. The parties have also stipulated that any expert Affidavits, as required by Minnesota Statutes Section 145.682, Subdivision 2, must be served on or before June 4, 2001. Discovery will close on September 30, 2001.

The Plaintiffs' request to amend the Pretrial Order relates to the expert Affidavit deadline. As noted, the Affidavit deadline is

designed to comply with Minnesota Statutes Section 145.682 which provides, in pertinent part, as follows:

> Subd. 2. Requirement. In an action alleging malpractice, error, mistake, or failure to cure, whether based on contract or tort, against a health care provider which includes a cause of action as to which expert testimony is necessary to establish a prime facie case, the plaintiff must: (1) unless otherwise provided in subdivision 3, paragraph (b), serve upon defendant with the summons and complaint an affidavit as provided in subdivision 3; and (2) serve upon defendant within 180 days after commencement of the suit an affidavit as provided in subdivision 4.
>
> * * *
>
> Subd. 4. Identification of experts to be called. (a) The affidavit required by subdivision 2, clause (2), must be signed by each expert listed in the affidavit and by the plaintiff's attorney and state the identity of each person whom plaintiff expects to call as an expert witness at trial to testify with respect to the issues of malpractice or causation, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. Answers to interrogatories that state the information required by this subdivision satisfy the requirements of this subdivision if they are signed by the plaintiff's attorney and by each expert listed in the answers to interrogatories and served upon the defendant within 180 days after commencement of the suit against the defendant.
>
> (b) The parties or the court for good cause shown, may by agreement, provide for extensions of the time limits specified in subdivision 2, 3 or this subdivision. Nothing in this subdivision may be construed to prevent

> either party from calling additional expert witnesses or substituting other expert witnesses.

Minnesota Statutes Section 145.682, Subdivisions 2 and 4 (2000). Zervas and Midwest have both agreed to allow the Plaintiffs an extension of the expert Affidavit deadline, in accordance with Subdivision 4. Ortonville, however, opposes any extension and argues that the Plaintiffs have not shown good cause for amending the Pretrial Order, or for extending the 180-day deadline prescribed by Section 145.682. We disagree.

The reason for the Plaintiffs' request is that they have learned of the possibility that Midwest was employing reprocessed or reused cannulas, which is a potential basis for liability, as the cannulas were supposedly to be discarded after one use, and the Plaintiffs believe that Ortonville knew of the alleged reprocessing. In order to determine whether this theory of liability has merit, the Plaintiffs must conduct discovery, including the taking of the depositions of those persons who were involved in the surgery, and in handling the surgical equipment. The Plaintiffs had originally scheduled these depositions for June 14 and 15, 2001, but had to reschedule them to May 18, 2001, because of the expert Affidavit deadline, and because Ortonville would not agree to an extension of that deadline. Although the depositions are now scheduled for a time before the expert Affidavit deadline, the

Plaintiffs are unsure of their ability to complete any necessary supplemental discovery, or research, after the completion of the depositions. Accordingly, they request a 30-day extension of the expert Affidavit deadline.

On the basis of the Record presented, we good cause for a modest amendment to the expert Affidavit deadline contained in our Pretrial Order, and prescribed by Section 145.682. Therefore, the Plaintiffs are directed to serve their expert Affidavits, on all of the Defendants, as necessary, as is contemplated by Minnesota Statutes, Section 145.682, **by June 29, 2001.** While Ortonville requests a strict application of the time limitations of Section 145.862, and urges that such an unyielding approach gives meaning to the intent behind Section 145.682, we read the Statute as allowing flexibility upon a showing of cause -- a showing the Plaintiffs here have substantiated. Since nothing we do here impacts upon the progress of this case to Trial, in accordance with our Pretrial Schedule, we see no prejudice in allowing the Plaintiffs to fulfill their obligations under Rule 11, Federal Rules of Civil Procedure, before proffering expert opinions which are ill-founded.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiffs' informal Motion to Amend the Pretrial Order is GRANTED, as further explained in the text of this Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE